# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DUANE ROLLINS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 11-109-GMS |
| | ) | |
| DAVID PIERCE, Warden, and | ) | |
| ATTORNEY GENERAL OF | ) | |
| THE STATE OF DELAWARE, | ) | |
| | ) | |
| Respondents.[1] | ) | |

---

Duane Rollins. *Pro se* petitioner.

Maria T. Knoll, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware.  Counsel for Respondents.

---

## MEMORANDUM OPINION

_March 19_____, 2014
Wilmington, Delaware

---

[1]Warden David Pierce replaced former Warden Perry Phelps, an original party to this case. *See* Fed. R. Civ. P. 25(d).



Sleet, Chief Judge

Pending before the court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. §

2254 filed by petitioner Duane Rollins ("Rollins"). (D.I. 2) For the reasons discussed, the court

will deny the petition.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The facts leading to Rollins' arrest and conviction are as follows:

> Rollins and Demond Laws engaged in a verbal dispute on June 8, 2006. The argument
> took place on the street near Rollins' house and was witnessed by Laws' girlfriend. The
> argument escalated when Rollins retrieved something from a nearby vehicle and
> approached Laws with what appeared to be a handgun. When Laws' girlfriend called the
> police, Rollins retreated into the house.
>
> Wilmington Police Detective Patrick Conner arrived at the scene to find other officers
> securing the premises and trying to get Rollins to come out of the house. Detective
> Conner left the scene to apply for a search warrant. By the time Conner returned with the
> warrant, Rollins had surrendered to the police and was in custody.
>
> As a result of his search of the house, yard and vehicle, Detective Conner seized several
> rounds of ammunition, an electronic scale, clear plastic bags in various sizes, a pot of
> marijuana plants, and two different substances that he suspected were cocaine or heroin.
> Conner also recovered a handgun.

*Rollins v. State*, 7 A.3d 485 (Table), 2010 WL 4320376 (Del. Nov. 1, 2010).

Rollins was arrested and subsequently indicted on charges of trafficking in cocaine (10-

50 grams), possession of a firearm during the commission of a felony, possession of a firearm by

a person prohibited, manufacturing marijuana, aggravated menacing, and resisting arrest. A

Delaware Superior Court jury convicted Rollins of the drug charges and resisting arrest.

However, a mistrial was declared for the remaining charges (weapon/ammunition and aggravated

menacing) because the jury was unable to reach an unanimous verdict. *Id.* The Superior Court

sentenced Rollins to a total of sixteen years incarceration suspended after six years for varying

levels of supervision. *See Rollins v. State*, 945 A.2d 595 (Table), 2008 WL 637782 (Del. Mar. 10, 2008). Rollins' conviction was affirmed on direct appeal. *Id.*

In March 2009, Rollins filed a *pro se* motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"), alleging he was constructively and/or actually denied the right to counsel for three reasons: (1) the Public Defender's policy and procedures prevented trial counsel from providing effective representation; (2) trial counsel erred by admitting to the jury that Rollins was growing marijuana in a potted plant in his back yard; and (3) trial counsel was replaced by appellate counsel on direct appeal. *See Rollins*, 2010 WL 4320376, at *1. The Delaware Superior Court denied the Rule 61 motion. The Delaware Supreme Court affirmed the Superior Court's judgment and also denied Rollins motion for rehearing. *Id.*

## II. GOVERNING LEGAL PRINCIPLES

### A. The Antiterrorism and Effective Death Penalty Act of 1996

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "to reduce delays in the execution of state and federal criminal sentences . . . and to further the principles of comity, finality, and federalism." *Woodford v. Garceau*, 538 U.S. 202, 206 (2003)(internal citations and quotation marks omitted). Pursuant to AEDPA, a federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). AEDPA imposes procedural requirements and standards for analyzing the merits of a habeas petition in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are

given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002); *see Woodford,* 538 U.S. at 206.

## B. Standard of Review Under AEDPA

If a federal court determines that a claim is not procedurally defaulted and the state court adjudicated the federal claim on the merits, the court can only grant habeas relief if the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1), (2); *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Appel v. Horn*, 250 F.3d 203, 210 (3d Cir. 2001). A claim has been "adjudicated on the merits" for the purposes of 28 U.S.C. § 2254(d) if the state court decision finally resolves the claim on the basis of its substance, rather than on a procedural or some other ground. *Thomas v. Horn*, 570 F.3d 105, 115 (3d Cir. 2009). In determining whether the Federal law is "clearly established," the focus is on Supreme Court holdings, rather than dicta, that were clearly established at the time of the pertinent state court decision. *See Greene v. Palakovich*, 606 F.3d 85 (3d Cir. 2010).

If a state's highest court adjudicated a federal habeas claim on the merits, the federal court must review the claim under the deferential standard contained in 28 U.S.C. § 2254(d). Pursuant to 28 U.S.C. § 2254(d), federal habeas relief may only be granted if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or the state court's decision was an unreasonable determination of the facts based on the evidence adduced in the trial. 28 U.S.C.

4

§ 2254(d)(1) & (2); *see also Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Appel v. Horn*, 250 F.3d 203, 210 (3d Cir. 2001).

A claim has been "adjudicated on the merits" for the purposes of 28 U.S.C. § 2254(d) if the state court decision finally resolves the claim on the basis of its substance, rather than on a procedural or some other ground. *See Thomas*, 570 F.3d at 115. The deferential standard of § 2254(d) applies even "when a state court's order is unaccompanied by an opinion explaining the reasons relief has been denied"; as recently explained by the Supreme Court, "it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Harrington v. Richter*, 131 S.Ct. 770, 784-85 (2011). The Supreme Court recently expanded the purview of the *Richter* presumption in *Johnson v. Williams*, 133 S.Ct. 1088 (Feb. 20, 2013). Pursuant to *Johnson*, if a petitioner has presented the claims raised in a federal habeas application to a state court, and the state court opinion addresses some but not all of those claims, the federal habeas court must presume (subject to rebuttal) that the state court adjudicated the unaddressed federal claims on the merits. *Id.* at *7. The consequence of this presumption is that the federal habeas court will then be required to review the previously unaddressed claims under § 2254(d) whereas, in the past, federal habeas courts often assumed "that the state court simply overlooked the federal claim[s] and proceed[ed] to adjudicate the claim[s] de novo." *Id.* at *3.

Finally, when reviewing a habeas claim, a federal court must presume that the state court's determinations of factual issues are correct. 28 U.S.C. § 2254(e)(1). This presumption of correctness applies to both explicit and implicit findings of fact, and is only rebutted by clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1); *Campbell v. Vaughn*, 209 F.3d

5

280, 286 (3d Cir. 2000); *Miller-El v. Cockrell*, 537 U.S. 322, 341 (2003)(stating that the clear and convincing standard in § 2254(e)(1) applies to factual issues, whereas the unreasonable application standard of § 2254(d)(2) applies to factual decisions).

## III.  DISCUSSION

Rollins asserts four ineffective assistance of counsel claims in his petition: (1) the policies and procedures of the Delaware Public Defender's Office resulted in the actual and/or constructive denial of counsel for Rollins during critical stages of his proceeding; (2) trial counsel failed to investigate the merits of his case; (3) trial counsel failed to challenge the State's case against him at trial and conceded Rollins' partial guilt in summations; and (4) counsel failed to follow through on Rollins' appeal and subsequent counsel provided ineffective assistance on direct appeal. Given the Delaware Supreme Court's adjudication of these claims on the merits, habeas relief will only be warranted if the Delaware state court decisions[2] were either contrary to, or an unreasonable application of, clearly established federal law.

The clearly established Supreme Court precedent governing ineffective assistance of counsel claims is the two-pronged standard enunciated by *Strickland v. Washington*, 466 U.S. 668 (1984) and its progeny. *See Wiggins v. Smith*, 539 U.S. 510 (2003). Under the first *Strickland* prong, a petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness," with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance. *Strickland*, 466 U.S. at 688. Under the second *Strickland* prong, a petitioner must demonstrate "there is a reasonable probability that,

---

[2]The Delaware Supreme Court summarily affirmed the Superior Court's denial of Rollins' ineffective assistance of counsel claims. Therefore, the court will refer to both the Superior Court and the Delaware Supreme Court during its analysis.

but for counsel's error the result would have been different." *Id.* at 687-96. A reasonable probability is a "probability sufficient to undermine confidence in the outcome." *Id.* at 688.

In order to sustain an ineffective assistance of counsel claim, a petitioner must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal. *See Wells v. Petsock*, 941 F.2d 253, 259-260 (3d Cir. 1991); *Dooley v. Petsock*, 816 F.2d 885, 891-92 (3d Cir. 1987). Although not insurmountable, the *Strickland* standard is highly demanding and leads to a "strong presumption that the representation was professionally reasonable." *Strickland*, 466 U.S. at 689.

Turning to the first prong of the § 2254(d)(1) inquiry, the court notes that the Delaware state courts identified *Strickland* as governing Rollins' claims of ineffective assistance. As such, the Delaware state courts' denial of the four claims was not contrary to clearly established federal law.

The court must also determine if the Delaware Supreme Court reasonably applied *Strickland* to the facts of Rollins' case. When performing this inquiry, the court must review the Delaware state court decisions with respect to petitioner's ineffective assistance of counsel claim through "doubly deferential" lens. *See Harrington,* 131 S.Ct. at 788. In other words, "the question is not whether counsel's actions were reasonable, [but rather], whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*

## A. Claim One: Constructive and Actual Denial of Assistance of Counsel

In claim one, Rollins contends that the policies and procedures employed by the Public Defender's Office "effectively creates a pattern of actual and constructive denial of the assistance of counsel guaranteed by the 6th and 14th Amendments." He asserts that he was

7

actually and/or constructively denied representation during his preliminary hearing and arraignment because "surrogate counsel" represented him rather than the attorney who later represented him throughout his criminal trial. To support this contention, Rollins states that the "Public Defender has steadfastly complained to the powers that be, that his office is understaffed and overworked."[3]  (D.I. 2 at 18)

Rollins presented this same argument to the Superior Court in his Rule 61 motion, and that court rejected it for failing to satisfy either prong of *Strickland*. Referring to defense counsel's Rule 61 affidavit, the Superior Court found that Rollins was represented by a competent and experienced attorney in the Public Defender's Office during his preliminary hearing and arraignment. In turn, given his failure to supply any concrete examples regarding the effects of alleged budgetary problems, the Superior Court also concluded that Rollins failed to demonstrate a reasonable probability that the outcome of the proceeding would have been different but for the alleged "failures" of the Public Defender's Office and for the representation by "surrogate counsel." On post-conviction appeal, Rollins argued that the Superior Court should have analyzed claim one under the presumed-prejudice standard set forth in *United States v. Cronic*, 466 U.S. 648, 659-60 (1984) because there was a "complete breakdown of the adversary process" in his case. The Delaware Supreme Court rejected this argument as belied by the record and applied the *Strickland* standard to claim one.

As an initial matter, the court concludes that the Delaware Supreme Court reasonably rejected Rollins' assertion that the Superior Court should have reviewed claim one under the presumed-prejudice standard articulated in *United States v. Cronic*, 466 U.S. 648,659-60 (1984).

---

[3]Rollins also contends that the manner in which his trial counsel "abandoned" him on direct appeal and let another attorney represent him amounted to actual and/or constructive denial of representation. The court will address this argument in its discussion of claim four, which concerns the representation of Rollins on direct appeal.

8

In *Cronic*, the United States Supreme Court articulated a very limited exception to *Strickland*'s prejudice requirement, holding that there are three situations in which prejudice caused by an attorney's performance will be presumed: where the defendant is completely denied counsel at a critical stage; where "counsel entirely fails to subject the prosecution's case to meaningful adversarial testing"; or where the circumstances are such that there is an extremely small likelihood that even a competent attorney could provide effective assistance, such as when the opportunity for cross-examination has been eliminated. *Cronic*, 466 U.S. at 659 & n.25. With respect to exception two, the *Cronic* presumption of prejudice only applies when counsel has completely failed to test the prosecution's case throughout the entire trial. *See Bell v. Cone*, 535 U.S. 685, 697 (2002). The premise of Rollins' complaint appears to be that he was constructively denied counsel because "surrogate counsel" was not the same assistant public defender who represented him during the rest of his criminal proceeding. As a general rule, representation of a defendant by multiple members of a public defender's does not, in and of itself, violate defendant's right to counsel or deny a defendant counsel. *See Siers v. Ryan*, 773 F.2d 37, 44 (3d Cir. 1985). Moreover, the record in this case demonstrates that Rollins' specific situation does not fit within any of the three *Cronic* circumstances. Rollins was represented by an assistant public defender during his preliminary hearing and arraignment, and Rollins himself concedes this fact and refers to the attorney as "surrogate counsel." Thus, Rollins has failed to establish the factual predicate that defense counsel was completely absent during a critical stage of the proceeding. As such, the court construes Rollins' true issue to be whether the representation provided by different attorneys in the public defender's office denied him effective assistance, and this issue is governed by *Strickland.*

9

Although an indigent defendant has a right to the appointment of counsel and effective

representation, he does not have an absolute right to be represented by counsel of his own

choosing. *See United States v. Gonzalez-Lopez*, 548 U.S. 140, 151 (2006). Moreover, a criminal

defendant does not have a Sixth Amendment right to a "meaningful relationship" with counsel.

*See Morris v. Slappy*, 461 U.S. 1, 14 (1983). "[T]he essential aim of the [Sixth] Amendment is

to guarantee an effective advocate for each criminal defendant rather than to ensure that a

defendant will inexorably be represented by the lawyer whom he prefers." *Wheat v. United

States*, 486 U.S. 153, 159 (1988). Considering that Rollins was represented by an assistant

public defender during his preliminary hearing and arraignment, and given Rollins' failure to

assert any specific allegations of deficient performance or prejudice with respect to the

representation provided by "surrogate counsel," the court cannot conclude that "surrogate

counsel" provided ineffective assistance. Accordingly, the court concludes that the Delaware

Supreme Court reasonably applied *Strickland* in denying claim one.

## B. Claim Two: Trial Counsel Failed to Investigate

In claim two, Rollins contends that counsel failed to conduct a reasonable pre-trial

investigation and, as a result, refused to file a suppression motion. Rollins asserts that a

reasonable investigation would have revealed that the search warrant lacked probable cause and

that this information would have provided the basis for a successful suppression motion.

Rollins also contends that counsel failed to interview witnesses and failed to investigate the

circumstances and evidence involved in the case.

Turning to Rollins' first contention regarding counsel's failure to file a suppression

motion, the Superior Court concluded that there was no record support for Rollins' conclusory

10

assertion that the search warrant lacked probable cause. In turn, the Superior Court accepted counsel's explanation in his Rule 61 affidavit that he refused Rollins' request to file a suppression motion only after reviewing the record and applicable precedent and deciding there was no basis for a suppression motion. Finally, the Rule 61 affidavit asserts that counsel explained the information and caselaw to Rollins, and explains that the police obtained the search warrant after Rollins became engaged in an armed hostage situation with the police.

Rollins has not provided any clear and convincing evidence in this proceeding to rebut the Superior Court's determination that Rollins' assertion regarding the lack of probable cause for the search warrant was merely a conclusory and unsupported opinion. Rollins also has not provided anything to dispute counsel's statement that he decided there was no basis for a suppression motion only after reviewing the record and caseleaw. It is well-settled that "[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland*, 466 U.S. at 690. As such, the court concludes that the Delaware state courts reasonably applied *Strickland* in denying Rollins' first ineffective assistance allegation in claim two.

As for Rollins' contention that trial counsel failed to interview several witnesses, trial counsel's Rule 61 affidavit explains that Rollins failed to provide counsel with information about the individuals who were present during the incident. In fact, Rollins insisted that the entire incident never took place. Counsel also explains that he supervised an investigator who unsuccessfully attempted to contact potential witnesses, including Rollins' girlfriend. Given the inconsistency between Rollins' assertion that the incident never took place and his assertion that counsel should have interviewed witnesses who were present during the incident, the court

11

cannot conclude that the Delaware state courts' denial of allegation two involved an unreasonable application of *Strickland*.

Finally, counsel's Rule 61 affidavit disputes Rollins' contention that counsel did not investigate the incident and seizure of evidence. Counsel specifically describes how he visited the scene and took the photographs that were introduced as evidence during the trial. The court has found no record support for Rollins' assertion that counsel lied in his Rule 61 affidavit about his investigation into the facts. Accordingly, the court concludes that this third allegation of claim two does not warrant relief.

For all of the aforementioned reasons, the court will deny claim two for failing to satisfy § 2254(d).

### C. Claim Three: Ineffective Assistance During Trial

In his third claim, Rollins contends that counsel provided ineffective assistance during the trial by: (1) allowing him to wear prison clothing in front of the jury; (2) admitting Rollins' guilt to the marijuana charge during the closing argument; (3) failing to properly question witnesses; (4) failing to subject the State's case to adversarial testing; (5) failing to present a defense; (6) failing to move to suppress the gun; and (7) failing to request a judgment of acquittal. The Delaware state courts denied claim three as meritless after considering counsel's Rule 61 affidavit and the record, and concluding that trial counsel's tactical decisions were reasonable and benefitted Rollins. For the following reasons, the court concludes that Rollins' unsupported contentions in this proceeding fail to demonstrate that the Delaware state court decisions involved an unreasonable application of *Strickland*.

12

Starting with Rollins' contention that trial counsel should not have permitted him to appear before the jury in prison clothing, counsel's Rule 61 affidavit explains that Rollins did not request or provide different clothing for trial, or raise an objection about his clothing to the state court. Notably, although a defendant cannot be compelled to wear prison clothes before a jury, a defendant's failure to object to the court about being tried in prison clothes is "sufficient to negate the presence of compulsion necessary to establish a constitutional violation." *Estelle v. Williams*, 425 U.S. 501, 512-13 (1976). As such, Rollins has failed to demonstrate that counsel's act of permitting him to appear at trial in prison clothing amounted to deficient performance. In addition, considering that the jury actually failed to convict him on several charges, Rollins cannot demonstrate prejudice caused by counsel's permitting him to wear prison clothing

As for Rollins' complaint that counsel erred by admitting that Rollins was growing marijuana in a large pot in his backyard, counsel's Rule 61 affidavit explains that he conceded this issue because it was undisputed. The fact that Rollins did not testify meant that there was no basis in the record to argue that Rollins was not growing marijuana. Given this situation, counsel made the tactical decision that it was best to avoid compromising Rollins' credibility with the jury on the more serious charges by trying to deny that Rollins was growing marijuana. This strategy was somewhat successful, given that the jury was unable to reach a unanimous verdict to convict on the charges of aggravated menacing, possession of a firearm during the commission of a felony, possession of a weapon by a person prohibited, or possession of ammunition by a person prohibited. Once again, viewing Rollins' contention in context with the record and through the doubly deferential lens governing ineffective assistance of counsel claims, the court

concludes that the Delaware state courts reasonably applied *Strickland* in holding that Rollins'
contention did not rebut the strong presumption that counsel's strategic decision was reasonable.

Finally, none of Rollins' remaining five complaints about counsel's trial performance
persuade the court that the Delaware state courts' denial of these allegations involved an
unreasonable application of *Strickland*. Rollins merely re-asserts the same arguments regarding
counsel's trial decisions that he presented to the Superior Court in his Rule 61 motion. The
Superior Court thoroughly analyzed each contention within the context of the record and
pursuant to the *Strickland* standard, and rejected Rollins' complaints because Rollins' conclusory
statements failed to demonstrate prejudice and failed to rebut the strong presumption that
counsel's actions were professionally reasonable. In this proceeding, Rollins has provided the
same conclusory and unsupported contentions rejected by the Superior Court. As such, the court
cannot conclude that the Delaware state courts unreasonably applied *Strickland* in denying
Rollins' remaining complaints in claim three.

### D.  Claim Four:  Constructive and Actual Denial of Representation on Direct Appeal and Ineffective Assistance of Appellate Counsel

In his final claim, Rollins asserts three reasons as to why he believes he was
constructively and/or actually denied representation on direct appeal. The Superior Court denied
all three claims as meritless, and the Delaware Supreme Court affirmed that decision. For the
following reasons, the court concludes that those decisions involved a reasonable application of
*Strickland.*

Rollins' first contention is that trial counsel abandoned him by not perfecting his appeal.
The record clearly disputes this claim, because it shows that Rollins' appeal was transferred to
another attorney in the Public Defender's Office who then proceeded to file Rollins' appeal.

14

Rollins has not provided, and the court has not found, any caselaw holding that transferring a client's appeal to another attorney in the Public Defender's office amounts to the actual or constructive denial of representation. Thus, this contention lacks merit.

Next, Rollins contends that his new appellate counsel did not have the authority to perfect his appeal. He argues that "the Public Defender surreptitiously sent in a surrogate counsel to satisfy [Rollins'] right to appellate counsel, contrary to Delaware Supreme Court Rules." (D.I. 2 at 19) Rollins contends that he would not have accepted surrogate counsel as his counsel if his trial counsel had filed a motion to withdraw. *Id.* Once again, the court notes that the Sixth Amendment does not guarantee Rollins representation by an attorney of his choosing. In turn, Rollins has failed to demonstrate any prejudice resulting from new appellate counsel's perfection of his appeal. As such, this contention of claim four lacks merit.

Finally, Rollins contends that appellate counsel provided ineffective assistance by filing a "no merits" brief pursuant to Delaware Supreme Court Rule 26 without conscientiously examining the record. However, in his Rule 61 affidavit, appellate counsel explains that he examined the record and consulted with Rollins and determined that there were no arguably appealable issues. In addition, when presented with appellate counsel's Rule 26 "no merits" brief and motion to withdraw on direct appeal, the Delaware Supreme Court conducted its own review of the record and concluded that appellate counsel "made a conscientious effort to examine the record and properly determined that Rollins could not raise a meritorious claim on direct appeal." *Rollins*, 2008 WL 637782, at *1. Relying on that finding by the Delaware Supreme Court in its review of Rollins' Rule 61 motion, the Superior Court concluded that appellate counsel's conduct was objectively reasonable and that Rollins did not demonstrate

15

prejudice. Given these circumstances, the court concludes that the Delaware state courts reasonably applied *Strickland* in denying Rollins' complaint about appellate counsel's "no merits" brief.

For all of these reasons, the court will deny claim four in its entirety.

## IV. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The court concludes that Rollins' petition does not warrant federal habeas relief. Reasonable jurists would not find this conclusion to be debatable. Consequently, the court declines to issue a certificate of appealability.

## V. CONCLUSION

For the reasons stated, Rollins' petition for habeas relief pursuant to 28 U.S.C. § 2254 is denied. An appropriate order shall issue.

16